**SNYDER LAW, LLP**
**Barry Clifford Snyder (SB# 62844)**
**Osbelia Castillo (SB# 283373)**
420 South Fairview Avenue, Suite 102
Santa Barbara, California 93117
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
bsnyder@snyderlaw.com
ocastillo@snyderlaw.com

Attorneys for Defendants H & M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., DAVID HAGER, DARRELL MILLSAPS, and DAVID COVINGTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SALVADOR CARVAJAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>H & M ENTERPRISES & LOGISTICS OF STATESVILLE, INC.; DAVID HAGER, an individual and dba H & M ENTERPRISES; DARRELL MILLSAPS, an individual and dba H & M ENTERPRISES; DAVID COVINGTON, an individual; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 2:13-CV-7853-CAS (JCGx)<br><br>**Judge: Hon. Christina A. Snyder**<br>**Magistrate Judge: Hon. Jay C. Gandhi**<br><br>**DEFENDANTS' MOTION IN LIMINE #1 TO EXCLUDE CERTAIN EXPERT TESTIMONY OF KURT DOUGLAS WEISS** |

Defendants H & M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., DAVID HAGER, DARRELL MILLSAPS, and DAVID COVINGTON ("defendants") hereby move this Court, *in limine*, for an Order excluding certain of the anticipated expert opinions of Kurt Douglas Weiss. The parties met and conferred regarding this issue on August 19, 2014 and again on September 5, 2014 and were unable to come to a resolution. Weiss' written report is enclosed herein as Exhibit A.

1. **BACKGROUND FACTS FOR THIS MOTION.**

Kurt Douglas Weiss is a forensic engineer and collision reconstructionist requested by plaintiff counsel to perform an analysis and reconstruction of the accident. Weiss is not a visibility expert, has never been a commercial truck driver, and is not a human factors expert.

In his report, Weiss offers two possible scenarios. The first assumes that Carvajal was already stopped at the intersection when Covington approached and then stopped. The second assumes Covington was the first to arrive at the intersection and Carvajal arrived later.

In that first scenario, beginning at page 23 of Weiss' report, he assumes a highly biased chronology: Carvajal stops at the intersection, Covington stops and later activates his turn signal, and then starts the right turn. There is no evidence whatsoever to support an assumption where the turn signal was activated **after** coming to a stop at the intersection. Weiss contends that Covington never testified at his deposition that he activated his turn signal. But that question was never asked of Covington, making the assumption meaningless. Moreover, Carvajal admitted that he observed the right turn signal activated on the tractor.

In the second scenario, Weiss assumes that Covington arrived at the intersection before Carvajal and, while Covington was stopped, Carvajal pedaled his ice cream cart to a point to the right of Covington's tractor.

2. **STANDARD OF REVIEW**

Federal Rule of Evidence 702 requires that, to be admissible, expert testimony must (1) be based upon sufficient facts or data, (2) be the product of reliable principles and methods, and (3) reflect the reliable application of those principles and methods to the facts of the case. The Court must also act as a gatekeeper and assess the relevance and reliability of the expert testimony and "whether the reasoning and methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." [*Daubert v.*

*Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579, 592.]

In *Kumho Tire Co., Ltd. V. Carmichael*, (1999) 526 U.S. 137, the Court confirmed that the gate-keeping task applied not only to testimony based on "scientific" knowledge, but also to testimony involving "technical" and other specialized knowledge. The Court commented that the purpose of gate-keeping is to "make certain that an expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id* at 152.

### 3. AN OPINION ABOUT ABILITY TO SEE IS INADMISSABLE.

Weiss opines: "[i]f Carvajal was moving along side the trailer while Covington continually checked his mirrors for more than a minute's time, then Covington would have detected to Carvajal's presence using at least one, if not more of these side rearview mirrors. And, in passing the truck, Carvajal would have been visible through the elliptical-shaped window in the right front window." [Report, page 24]

First, Weiss' background is not in evaluating visibility and he has no special knowledge of tractor-trailers or experience in commercial truck driving. His opinion as to Mr. Covington's ability to see and his visibility at the time of the accident is far outside the scope of his expertise.

Second, his opinion as to what Mr. Covington should have or would have seen at the time of the accident is not based on any scientific method – Weiss performed no tests or reenactments, and did not attempt to duplicate the accident. He cites no studies, specific measurements or data which show that he attempted to accurately calculate Mr. Covington's ability to see Mr. Carvajal from the driver's seat position. The opinion is also based on too many unexplained variables and dismisses contrary Covington testimony.

"Q. All right. When you looked in the mirror to your right on the passenger side you would have used both the, um, rectangular direct mirror and the convex mirror?
A. Yes.
Q. And during that period of time, the minute to a minute and a half that

```
            you were stopped at the limit line, did you see anybody, anything that
    A.      was in that space next to your trailer other than those parked cars?
            No.
    Q.      Are you always consistently looking in your mirrors –
    A.      Yes.  [Deposition of David Christopher Covington, 44:24-45:1-14]
```

Weiss' opinion is limited to a cursory visual inspection of the tractor's right side rearview mirror arrangement. Additionally, an opinion as to what a driver may or may not have seen calls for expertise in perception and visibility, an area for a human factor's expert, which Weiss is not.

In *Kumho* a product liability case involving an allegedly defective automobile tire, plaintiff's tire expert based his conclusions solely on a visual inspection of the tire. The Court excluded the testimony because, despite the expert's qualifications, "it initially doubted, and then found unreliable, the methodology employed by the expert in analyzing the data obtained in the visual inspection, and the scientific basis, if any, for such an analysis." [*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153.] Similarly, Weiss' opinion as to what Covington would have seen though his rearview mirror must be excluded because his methodology is equally unreliable.

### 4. AN OPINION ABOUT WARNING SIGNS IS INADMISSABLE.

Weiss opines that there is a "hazard to the motoring public" as a result of the "off-tracking nature of the flatbed trailer." He opines the lack of any warning signs of this hazard on the trailer had a causal effect on this accident.

Weiss is not a human factors expert and has no experience or education in warning signs. As with other opinions, there is no support under case law or F.R.Evid. 702 to allow his testimony on that subject.

### 5. AN OPINION ON COMPLIANCE WITH LAWS IS INADMISSABLE.

Weiss opines that under either scenario Carvajal did not violate any state or City of Long Beach law in the operation of his ice cream cart. He offers opinions on Carvajal's conduct as it applies to two Vehicle Code sections, despite having no education or experience in that field. [Report, p. 23] Weiss comes to an entirely

opposite conclusion than that of the investigating officer. Officer Sutton testified that if he had seen the conduct by Carvajal, he would have cited or ticketed Carvajal.

## 5. AN OPINION ON SAFE TRUCK OPERATION IS INADMISSABLE.

Weiss opines at page 33 of his report: "...if Carvajal had first arrived at the southwest corner, the Covington was remiss in the safe operation of his truck..."

Weiss does not have the "scientific, technical, or other specialized knowledge" required by Fed.R.Evid. 702 to opine on safe operation of a commercial vehicle. Under the *Daubert* progeny of cases, his testimony in that regard must be precluded.

## 6. CONCLUSION

Many of the anticipate opinions of Kurt Douglas Weiss are inadmissable. He should not be allowed to testify about what a commercial driver should have seen in his mirror, violation of laws, or safe tractor-trailer operation. Not only is his methodology unreliable, his education and expertise are faulty and he relies on considerable speculation to support those opinions.

Dated: September 5, 2014

SNYDER LAW, LLP

By: Barry Clifford Snyder / Osbelia Castillo
Attorneys for Defendants H & M
ENTERPRISES OF STATESVILLE, INC.,
DAVID HAGER, DARRELL MILLSAPS,
and DAVID COVINGTON

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed by the firm of Snyder Law, LLP, in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 420 S. Fairview Avenue, Suite 102, Santa Barbara, California 93117.

On September 5, 2014, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE #1 TO EXCLUDE CERTAIN EXPERT TESTIMONY OF KURT DOUGLAS WEISS** on all parties of record in this action as follows:

**George B. Singer**
**Juan J. Dominguez, APLC**
3250 Wilshire Blvd, 22nd Floor
Los Angeles, California 90010-1612
Telephone No.: 213.388.7788
Facsimile No.: 213.388.9540
gsinger@juanjdominguez.com

*Attorneys for Plaintiff*
*SALVADOR CARVAJAL*

**C. Michael Alder**
**Jennifer P. Burkes**
**Jefferson Saylor**
**Alder Law, P.C.**
1840 Century Park East, 15th Floor
Los Angeles, California 90607
Telephone No.: 310.275.9131
Facsimile No.: 310.275.9132
jburkes@alderlaw.com

I hereby certify that on September 5, 2014, I electronically transmitted the attached document to the clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the foregoing CM/ECF registrant.

/s/ Heidi J. Scranton
Heidi J. Scranton