SNYDER LAW, LLP
**Barry Clifford Snyder (SB# 62844)**
**Osbelia Castillo (SB# 283373)**
420 South Fairview Avenue, Suite 102
Santa Barbara, California 93117
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
bsnyder@snyderlaw.com
ocastillo@snyderlaw.com

Attorneys for Defendants H & M ENTERPRISES &
LOGISTICS OF STATESVILLE, INC., DAVID HAGER,
DARRELL MILLSAPS, and DAVID COVINGTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SALVADOR CARVAJAL, an individual, | Case No. 2:13-CV-7853-CAS (JCGx) |
| Plaintiff, | **Judge: Hon. Christina A. Snyder**<br>**Magistrate Judge: Hon. Jay C. Gandhi** |
| v. | **DEFENDANTS' MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF DAVID COVINGTON'S IRRELEVANT MEDICAL CONDITIONS** |
| H & M ENTERPRISES & LOGISTICS OF STATESVILLE, INC.; DAVID HAGER, an individual and dba H & M ENTERPRISES; DARRELL MILLSAPS, an individual and dba H & M ENTERPRISES; DAVID COVINGTON, an individual; and DOES 1 to 50, inclusive, | |
| Defendants. | |
| _____/ | |

Defendants H & M ENTERPRISES & LOGISTICS OF STATESVILLE, INC.,

DAVID HAGER, DARRELL MILLSAPS, and DAVID COVINGTON

("defendants") hereby move this Court, *in limine*, for an Order to exclude evidence

of Mr. David Covington's depression and post traumatic stress disorder on grounds

of lack of relevancy and for reasons of privacy, pursuant to Fed.R.Evid. 401,402 and

403. The parties have met and conferred regarding this issue and were unable to

come to a resolution.

## 1.   SUMMARY OF THE FACTS.

David Covington is a honorably discharged US Marine Corps veteran of the war in Iraq.  His employment records, produced in discovery, contain reference to a history of prior depression and post traumatic stress disorder (PTSD) as a result of his 8 month tour of duty in Iraq.  He was honorably discharged in 2006 and directly as a result of his military service, Mr. Covington was diagnosed with depression and PTSD in 2008.

In his deposition Mr. Covington explained the extent of his condition:

*"Q.     What do you remember? What kind of symptoms were you having that led your doctor to diagnose you with – with PTSD?*

*A.      Uh, night sweats, terrors, uh – just things of that nature.*

*Q.      Were you diagnosed with depression?*

*A.      Yes.*

*Q.      And were you given – again, we're talking about 2008 about the time you were diagnosed – were you given any types of medication?*

*A.      Uh, yes.*

*Q.      Do you recall what types of medications you were given?*

*A.      I think it was Zoloft.*

*[Deposition of David Christopher Covington 117:23-118:1-14.]*

*Q.      Okay. And – and when– when's the last time you had an episode that you would deep related to PTSD?*

*A.      Probably about six months ago.*

*Q.      And did it have anything to do with this accident?*

*A.      No.*

*Q.      More for your –*

*A.      – military service?*

*Q.      Yes.*

*Q.      Okay. Are you back on any type of medication?*

**MOTION IN LIMINE RE EXCLUSION OF MEDICAL CONDITIONS**

1    *A.*     *No.*

2    *Q.*     *Do you want to be on some medication for it?*

3    *A.*     *No.*

4          *[Deposition 119:14-24 - 120:1-6]*

5    *Q.*     *Um, are you still seeing a doctor at the VA for this?*

6    *A.*     *No.*

7    *Q.*     *Do you have plans to go back to the VA to see a doctor for this?*

8    *A.*     *No.*

9    *Q.*     *You're — so you're just not going to get any treatment for it?*

10   *A.*     *I'm dealing with it pretty well.*

11   *Q.*     *Um, how about the depression? Do you still have any bouts of*

12          *depression?*

13   *A.*     *No.*

14   *Q.*     *Think you're over that?*

15   *A.*     *Yes."*

16      The medical examiner who obtained the history was evaluating Mr.

17   Covington, as required by federal law (49 C.F.R 391.41), for fitness as a commercial

18   driver.  At the conclusion of the examination on May 20, 2011, David A. Schwenk

19   certified that David Covington met the standards in 49 C.F.R. 391.41, which include

20   the following:

21          *"(9) Has no mental, nervous, organic, or functional disease or psychiatric*

22          *disorder likely to interfere with his/her ability to drive a commercial motor*

23          *vehicle safely."*

24      Mr. Covington's prior history of depression and PTSD have no relevancy

25   whatsoever in this matter.  Mr. Covington's  medical condition has no tendency to

26   make any fact that is of consequence in this personal injury matter more or less

27   probable.  Even if such evidence was relevant, it should be excluded for privacy

28   reasons pursuant to Rule 403 of the *Federal Rules of Evidence* since its probative

1  value is substantially outweighed by its danger to cause unfair prejudice, mislead the
2  jury and confuse the real issues of this case.

3  **3.      THE LEGAL STANDARD.**

4      Evidence is relevant if it tends to "make a fact more or less probable than it
5  would be without the evidence" and "the fact is of consequence in determining the
6  action." [Fed.R.Evid 401]. Irrelevant evidence is inadmissable pursuant to
7  Fed.R.Evid. 402.

8      At issue in this litigation is whether Mr. Covington negligently drove his
9  tractor-trailer and/or whether Mr. Carvajal negligently approached Mr. Covington's
10  blind spot.  Defendant's depression and PTSD have no tendency to prove or disprove
11  any of the issues in dispute in this matter and therefore are irrelevant.

12  **4.      EVEN IF RELEVANT, THE PROBATIVE VALUE OF SUCH**
13  **        EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY ITS**
14  **        TENDENCY TO CAUSE UNFAIR  PREJUDICE, MISLEAD THE JURY**
15  **        AND CONFUSE THE ISSUES.**

16      Under Fed.R.Evid. 403, the court may exclude relevant evidence if its
17  probative value is substantially outweighed by a danger of unfair prejudice,
18  misleading the jury and confusing the issues.

19      In the unlikely event that the evidence is considered relevant, it should be
20  excluded as any function it may serve in proving or demonstrating the circumstances
21  of this accident, is substantially outweighed by the possibility that Mr. Covington
22  will be unfairly prejudiced.  Plaintiff's leg was amputated as a result of this accident,
23  and a jury might welcome an excuse to place blame on the driver. This evidence
24  might also mislead the jury into believing that his medical condition had something
25  to do with the accident. That evidence will distract the jury from the real issues
26  concerning the accident - whether plaintiff or defendants were negligent at the time
27  of the accident.

28  ///

Mr. Covington has a constitutional right to his medical privacy and plaintiff would have to show a compelling interest in order to pry into such information. [See *Seaton v. Mayberg,* 610 F.3d 530, 538 (9th Cir 2010)].  Plaintiff does not have a compelling need to disseminate such sensitive information.

**5.     CONCLUSION**

Evidence of Mr. Covington's prior depression and PTSD is neither relevant, nor probative of the circumstances surrounding the accident.  The information is also an invasion of Mr. Covington's privacy rights.  If admitted, such evidence would likely prejudice Mr. Covington, confuse the real issues, and mislead the jury.

Further, plaintiff has not listed any witness or any evidence dealing with this matter in any of the Rule 26 disclosures or responses to written discovery. Nor have any of plaintiff's experts addressed the issue.  It would appear that there should be no opposition to this motion. For these reasons, defendants request that the information be excluded from trial.

Dated: September 8, 2014            SNYDER LAW, LLP

By:   Barry Clifford Snyder / Osbelia Castillo
Attorneys for Defendants H & M
ENTERPRISES OF STATESVILLE, INC.,
DAVID HAGER, DARRELL MILLSAPS,
and DAVID COVINGTON

SNYDER LAW, LLP
420 S. Fairview, Suite 102
Santa Barbara, CA 93117

**MOTION IN LIMINE RE EXCLUSION OF MEDICAL CONDITIONS**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

     I am employed by the firm of Snyder Law, LLP, in the County of Santa Barbara, State of California.  I am over the age of 18 and not a party to the within action; my business address is 420 S. Fairview Avenue, Suite 102, Santa Barbara, California 93117.

     On September 8, 2014, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF DAVID COVINGTON'S IRRELEVANT MEDICAL CONDITION** on all parties of record in this action as follows:

**George B. Singer**
**Juan J. Dominguez, APLC**
3250 Wilshire Blvd, 22nd Floor
Los Angeles, California 90010-1612
Telephone No.:  213.388.7788
Facsimile No.:   213.388.9540
gsinger@juanjdominguez.com

*Attorneys for Plaintiff*
*SALVADOR CARVAJAL*

**C. Michael Alder**
**Jennifer P. Burkes**
**Jefferson Saylor**
**Alder Law, P.C.**
1840 Century Park East, 15th Floor
Los Angeles, California 90607
Telephone No.: 310.275.9131
Facsimile No.:   310.275.9132
jburkes@alderlaw.com

     I hereby certify that on September 8, 2014, I electronically transmitted the attached document to the clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the foregoing CM/ECF registrant.

/s/ Heidi J. Scranton
Heidi J. Scranton