UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-07853-CAS(JCGx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | SALVADOR CARVAJAL v. H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

    Jennifer Burkes                                              Barry Snyder
    Jefferson Saylor

**Proceedings:**        MOTIONS IN LIMINE (Dkt. Nos. 29, 30, 31)

      This case arises out of a collision on April 15, 2013, between a tractor-trailer operated by David Covington ("Covington") and a bicycle ridden by Salvador Carvajal ("Carvajal" or "plaintiff"), in Long Beach, California. Dkt. No. 1 (Not. Removal ¶ 6). On September 13, 2013, plaintiff filed this action in Los Angeles County Superior Court against defendants H&M Enterprises of Statesville, Inc., David Hager, Darrell Millsaps, Covington, and fifty Does. Id. ¶ 1. The complaint asserts claims for motor vehicle and general negligence. See id. On October 24, 2013, defendants removed the action to this Court on the basis of diversity jurisdiction. See generally id. A jury trial in this matter is currently scheduled for November 4, 2014. Dkt. No. 25. On September 8, 2014, defendants filed two motions in limine, Dkt. Nos. 29, 30, and plaintiff filed one motion in limine, Dkt. No. 31. These three motions are presently before the Court.

      As detailed below, the Court GRANTS in part and DENIES in part each party's motion seeking to exclude expert testimony. On defendants' second motion to preclude evidence of Covington's medical conditions, the Court declines to rule on the motion at this time and will address the issue at trial if necessary.

**A.     Defendants' Motion to Exclude Certain Expert Testimony of Kurt Douglas Weiss (Dkt. No. 29)**

      Kurt Douglas Weiss ("Weiss") works for Automotive Safety Research, Inc. Dkt. No. 29 Ex. A. ("Weiss Report") at 1. Counsel for plaintiff requested that Weiss analyze the traffic accident and provide a written expert report. Weiss Report at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07853-CAS(JCGx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | SALVADOR CARVAJAL v. H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., ET AL. | | |

      Defendants argue that aspects of Weiss's expert testimony are inadmissible under Federal Rule of Evidence 702, which provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The determination of whether expert testimony is admissible "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592–93 (1993). "Daubert' s general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to testimony based on 'scientific knowledge' but also to testimony based on 'technical' and 'other specialized' knowledge." Kumho Tire Company v. Carmichael, 526 U.S. 137, 141 (1999).

      The Supreme Court has established four non-exclusive factors for determining whether scientific evidence is reliable and therefore admissible: (1) whether the scientific theory or technique can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether a particular technique has a known potential rate of error; and (4) whether the theory or technique is generally accepted in the relevant scientific community. Daubert, 509 U.S. at 587–89. When exercising its gatekeeping function with regard to "technical" or "other specialized" knowledge, a district court may employ one or more of the Daubert factors; however, in some of these cases, "the relevant reliability concerns may focus upon personal knowledge or experience" instead. Kumho, 526 U.S. at 150.

      Weiss, who has decades of experience with and has authored numerous publications on collision reconstruction, states that he "followed a widely-accepted methodology utilized routinely by traffic collision experts in litigation . . . including inspection and documentation of the collision site, and the careful examination of the incident vehicles." Weiss Report at 6-7. Weiss's methodology also included a review of applicable literature, a review of vehicle specifications, and an analysis of available physical evidence and data. Id. at 7. In investigating and writing the report, Weiss relied on the Traffic Collision Report, photographs of the scene, medical records, deposition transcripts, witness statements, a videotape recording of the collision scene, vehicle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:13-cv-07853-CAS(JCGx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | SALVADOR CARVAJAL v. H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., ET AL. | | |

specifications, several studies, and the bicycle and tractor-trailer themselves. See id. at 7-9.

    1.    Visibility

    Defendants argue that the Court should exclude Weiss's opinion that "[i]f Carvajal was moving alongside the trailer while Covington continually checked his mirrors for more than a minute's time, then Covington would have detected to [sic] Carvajal's presence using at least one, if not more of these side rearview mirrors." Weiss Report at 24.

    First, defendants contend that "Weiss's background is not in evaluating visibility and he has no special knowledge of tractor-trailers or experience in commercial truck driving." But Weiss is an experienced traffic accident investigator, and defendants have cited no authority for the proposition that "special knowledge of tractor-trailers or experience in commercial truck driving" is necessary for him to produce admissible expert testimony on this subject. See Thomas v. Newton Int'l Enter., 42 F.3d 1266, 1269 (9th Cir. 1994) (Rule 702 "contemplates a broad conception of expert qualifications. As the terms of the rule state, an expert may be qualified either by 'knowledge, skill, experience, training, or education.' Moreover, the advisory committee notes emphasize that Rule 702 is broadly phrased and intended to embrace more than a narrow definition of a qualified expert." (internal quotation marks omitted)).

    Second, defendants argue that Weiss's opinion "is not based on any scientific method." But the Supreme Court made clear in Kumho that the Daubert inquiry was a "flexible one." 526 U.S. at 150 (quoting Daubert, 509 U.S. at 594). Therefore, where Weiss based his report on his experience with investigating and reconstructing accident scenes, his testimony is not excludable merely because he "cites no studies" or "did not attempt to duplicate the accident." Similarly, defendants' argument that Weiss's opinion is "based on too many unexplained variables and dismisses contrary . . . testimony" from Covington is an avenue for aggressive cross-examination, not a reason to exclude testimony entirely.

    Defendants' citation to Kumho is unavailing. Although the expert in Kumho, like Weiss, based his opinion in part on a visual inspection, the Supreme Court made clear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-07853-CAS(JCGx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | SALVADOR CARVAJAL v. H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., ET AL. | | |

that the district court had not abused its discretion in excluding the opinion testimony because, for the specific situation at hand, the visual and tactile inspection was not a reliable method of concluding what had caused what had caused a tire's tread to separate from the tire's carcass. 526 U.S. at 153-54. "[T]he specific issue before the court was not the reasonableness in general of a tire expert's use of a visual and tactile inspection to determine whether overdeflection had caused the tire's tread to separate." Id. (emphasis in original). Kumho does not support the broad proposition that visual inspection cannot form the basis of reliable expert opinion–especially when the issue is what was visible at the time of the accident. Therefore, defendants' motion is DENIED insofar as it seeks to exclude this opinion on visibility.

   2.   Warning Sign

Defendants also seek to exclude Weiss's opinion that there was a "hazard to the motoring public created by the off-tracking nature of the flatbed trailer whose right side tire(s) ultimately struck and dragged Carvajal," for which there was no warning sign. Weiss Report at 23. Defendants argue that "Weiss is not a human factors expert and has no experience or education in warning signs." Again, Daubert and Kumho do not require that expert opinion testimony only be offered by witnesses with such minutely specialized qualifications. Defendants' motion is therefore DENIED as to this opinion.

   3.   Compliance with California Vehicle Code Provisions

Defendants object to Weiss's opinions that plaintiff did not violate Cal. Vehicle Code sections 21754 and 21755. "[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) (emphasis in original) (quoting Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)). Although not every opinion "couched in legal terms" is thereby inadmissible, Hangarter, 373 F.3d at 1017 (quoting Specht v. Jensen, 853 F.2d 805, 809 (10th Cir. 1988)), the Court finds that testimony by Weiss that plaintiff did not violate any traffic laws would constitute a legal conclusion on an ultimate issue of law. Therefore, defendant's motion is GRANTED as to this evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07853-CAS(JCGx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | SALVADOR CARVAJAL v. H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., ET AL. | | |

4. Safe Truck Operation

Finally, defendants seeks to exclude Weiss from testifying that "if Carvajal had first arrived at the southwest corner . . . Covington was remiss in the safe operation of his truck." Defendants offers no argument on this point other than stating in a conclusory fashion that "Weiss does not have the 'scientific, technical, or other specialized knowledge' required by Fed. R. Evid. 702 to opine on safe operation of a commercial vehicle." Still, the Court finds it likely that this testimony would invade the province of the jury by offering a legal conclusion as to negligence. Therefore, the Court GRANTS defendant's motion as to Weiss's "safe operation" opinion.

**B.  Defendants' Motion to Exclude Evidence of Covington's Medical Conditions (Dkt. No. 30)**

Defendants move to exclude evidence of Covington's depression and post traumatic stress disorder ("PTSD") pursuant to Federal Rules of Evidence 401, 402, and 403. Defendants argue that Covington's depression and PTSD are irrelevant because they have no tendency to prove or disprove the relevant issues in this case: whether Covington or Carvajal acted negligently. Defendants argue that even if the evidence has some probative value, it should be excluded under Rule 403 because the jury could (1) use the evidence as an excuse to blame the driver or (2) be misled into believing that the medical conditions had something to do with the accident. Defendants also argue that disclosing Covington's medical issues would violate his privacy rights.

Plaintiff contends that Covington's depression and PTSD is relevant because testimony from Covington's employers shows that they were unaware of Covington's medical history, demonstrating that defendants did not conduct an adequate background investigation. Furthermore, plaintiff argues that any privacy right of Covington's is outweighed by the interests of plaintiff and the public in the medical issues affecting those operating dangerous vehicles.

Testimony on Covington's medical conditions does not appear relevant to the Court at this point. However, the Court reserves judgment on this motion and will revisit the issue at trial, if necessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07853-CAS(JCGx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | SALVADOR CARVAJAL v. H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., ET AL. | | |

**C.  Plaintiff's Motion to Exclude Rebuttal Testimony of Rex Smith (Dkt. No. 31)**

Finally, plaintiff moves to exclude opinion testimony by Rex Smith ("Smith"), whom defendants offer as a rebuttal expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii).  Plaintiff argues that Smith should be precluded from testifying because he does not offer true rebuttal evidence, and was not timely disclosed as an expert that would offer affirmative evidence.[1]

Rebuttal expert testimony, "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," need not be disclosed with initial expert disclosures, but instead must be disclosed within 30 days after the other party's expert disclosures.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  The parties timely made initial expert disclosures on July 30, 2014.  Defendant's designated accident reconstruction expert, Gerald P. Bretting ("Bretting"), investigated the accident site, inspected the involved vehicles, and offered his analysis of the collision and its cause.  See Pl. Mot. Limine Ex. A.  Bretting opined that plaintiff caused the accident by passing Covington's tractor-trailer on the right and failing to stop once he saw the turning motion of the tractor-trailer.  Id.  Bretting further concluded that the tractor-trailer's tires would not have tracked over the curb, and that no condition prevented plaintiff from riding on the sidewalk.  Id.

Plaintiff's accident reconstruction expert, Weiss (discussed above), submitted an expert report in which he discussed his inspection of the accident site and involved vehicles, as well as his analysis and conclusions on the cause of the collision.  See id. Ex. B.  Analyzing what would have been visible through the mirrors on Covington's tractor-trailer, Weiss determined that nothing prevented Covington from observing plaintiff, and that had Covington been continually checking his mirrors, he would have detected plaintiff's presence.  Id.  Weiss further opined that plaintiff did not violate any traffic laws in operating his bicycle on the roadway; that no excessive speed, inclement weather, or low lighting contributed to the accident; that Covington did not observe plaintiff

---

[1] The Court finds it unnecessary to reach plaintiff's alternative argument under Federal Ruels of Evidence 401, 402, and 702.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07853-CAS(JCGx) | Date | October 6, 2014 |
|---|---|---|---|
| Title | SALVADOR CARVAJAL v. H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., ET AL. | | |

before initiating his right turn; and that had Covington observed plaintiff, the accident could have been avoided. Id.

On August 15, 2014, defendants disclosed Smith as a rebuttal expert. See id. Ex. C. Plaintiff points out that Smith was retained on July 28, 2014, before the parties' initial expert disclosures. See id. (attached Ex. 4). Defendants respond that this is immaterial because Smith was retained to be available in the event that plaintiff offered expert testimony that defendants felt they needed to rebut. The Court agrees that, without more, the fact that Smith was retained before the expert disclosures does not make Smith's rebuttal testimony inadmissible.

Smith identifies himself as a "truck driving and transportation industry specialist." Id. (attached Ex. 2). In his own analysis of the accident, Smith details the instruction and qualifications Covington would have received as a commercial tractor-trailer driver. See id. Smith then offers several numbered "opinions," each of which plaintiff asserts is not true rebuttal evidence.[2]

(1) Smith opines that Covington was a certified commercial motor vehicle operator permitted to pull double or triple trailer combinations, and that he demonstrated "awareness of the space needed to safely negotiate the corner" at the time of the accident. Id. at 12-13. Plaintiff denies that this constitutes rebuttal testimony because Weiss never expressed any opinion that Covington made an improper right turn, but instead stated that Covington could have detected plaintiff by checking his mirrors.

(2) Smith opines that H&M certified that Covington was properly licensed and knew the proper operating procedures. Id. at 14. Plaintiff denies that this constitutes rebuttal testimony because Weiss never expressed any opinion that Covington was not properly licensed or trained.

---

[2]The Court adopts the same numbering used in Smith's report and the parties' briefs. The parties agree that Smith's opinions numbered 5, 6, and 7 are not admissible. See Opp'n at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-07853-CAS(JCGx) | Date | October 6, 2014 |
| Title | SALVADOR CARVAJAL v. H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., ET AL. | | |

     (3) Smith opines that the involve tractor complied with applicable safety mirror regulations. Id. at 14. Plaintiff protests that Weiss never expressed any opinion that the mirrors were inadequate or violated any industry standard.

     The Court finds that this testimony does not rebut any aspect of Weiss's expert report, and thus GRANTS plaintiff's motion with respect to Smith's first, second, and third opinions.

     (4) Smith opines that even with properly adjusted mirrors, blind spots and visual distortion are unavoidable with the type of tractor involved. Plaintiff objects that Weiss never discussed any opinion about "blind zones." Id. at 14-15. However, Weiss's expert report contained an extensive discussion about what would have been visible through the tractor's mirrors, a discussion that clearly implicates blind spots. Therefore, the Court finds that testimony to this effect would be proper rebuttal and DENIES plaintiff's motion insofar as it seeks to preclude such evidence.

     (8) Smith opines that plaintiff violated bicycle operating regulations. Id. at 18. For the same reasons that the Court granted defendants' motion as to Weiss's anticipated testimony on plaintiff's violation of traffic laws, the Court GRANTS plaintiff's motion to preclude such testimony.

     (9) Smith opines that Covington was operating the tractor-trailer in a safe and competent manner. Id. at 18. The Court concludes that this opinion intrudes on the province of the jury, and therefore GRANTS the motion to preclude it.

     IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |